KIRSCH, Judge,
dissenting.
I respectfully dissent.
The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury. Boggs v. Tri-State Radiology, Inc., 730 N.E.2d 692, 699 (Ind.2000). When the doctrine attaches, the statutory limitations period begins to run at the end of the continuing wrongful act. Havens v. Ritchey, 582 N.E.2d 792, 795 (Ind.1991). In order to apply the doctrine, the plaintiff must demonstrate that the alleged injury-producing conduct was of a continuous nature. Burton v. Elskens, 730 N.E.2d 1281, 1284 (Ind.Ct.App.2000). “The doctrine of continuing wrong is not an equitable doctrine; rather, it defines when an act, omission, or neglect took place.” Coffer v. Arndt, 732 N.E.2d 815, 821 (Ind.Ct.App.2000), trans. denied.
Here, Anonymous Physician was Richard Rogers’ urologist from the date of his first appointment in August 2006 through July 2009. The course of conduct giving rise to this action was Physician’s use of Cidex OPA to disinfect the urology equipment, contrary to the standard of care, and his failure to diagnose and advise Rogers of such usage after Rogers’ repeated allergic reactions. This course of conduct commenced in August 2006. It continued at least until March 6, 2009, the date that the Allergist to whom Physician stated he referred Rogers, advised both Rogers and Physician that Rogers was allergic to Ci-dex OPA. Because Rogers’ Proposed Complaint for Medical Malpractice was filed on March 4, 2011, it was timely filed.